File #73094-01/db/als

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
LORETTA SMITH-SIMMONS and BOOKER
SIMMONS, III,

                Plaintiffs,

       -against-

CHEROKEE MEDICAL SERVICES, LLC and
CHEROKEE NATION INDUSTRIES, INC.,

                Defendants.
------------------------------------------x

COMPLAINT

08 CIV. 6906

JUDGE ROBINSON

    Plaintiffs, complaining of the defendants, by attorneys, FINKELSTEIN & PARTNERS, LLP, respectfully show this Court and allege, upon information and belief, the following:

JURISDICTION AND VENUE

    1. Jurisdiction exists as against the defendants, CHEROKEE MEDICAL SERVICES, LLC and CHEROKEE NATION INDUSTRIES, INC., pursuant to:

    (a) 28 USC Section 1332 in that plaintiffs, LORETTA SMITH-SIMMONS and BOOKER SIMMONS, III, are citizens and residents of the State of New York, the defendant, CHEROKEE MEDICAL SERVICES, LLC, is incorporated

in the State of Texas and maintains its principal place of business in the State of Texas; and that the defendant, CHEROKEE NATION INDUSTRIES, INC., is incorporated in the State of Texas and maintains its principal place of business in the State of Texas, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

(b) 28 USC Section 1391, in that jurisdiction is founded on diversity of citizenship only and the claim arose in the Judicial District of the United States District Court for the Southern District of New York.

(c) CPLR 302 in that defendants committed a tortuous act within the State of New York.

> AS AND FOR A FIRST CAUSE OF ACTION
> ON BEHALF OF PLAINTIFF, LORETTA SMITH-SIMMONS

2. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was and still is a foreign corporation duly incorporated within the State of Texas.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was and still is a foreign corporation authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., was and still is a foreign corporation duly incorporated within the State of Texas.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., was and still is a foreign corporation authorized to do business in the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION

INDUSTRIES, INC., was and still is a business entity doing business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, one, Keller Army Community Hospital, was the owner of a certain hospital premises, located in West Point, County of Orange, State of New York.

11. That at all times hereinafter mentioned, upon information and belief, one, Keller Army Community Hospital, maintained the aforesaid hospital premises.

12. That at all times hereinafter mentioned, upon information and belief, one, Keller Army Community Hospital, managed the aforesaid hospital premises.

13. That at all times hereinafter mentioned, upon information and belief, one, Keller Army Community Hospital, controlled the aforesaid hospital premises.

14. That at all times hereinafter mentioned, upon information and belief, one, Keller Army Community Hospital, operated the aforesaid hospital premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was engaged in the business of, among other

things, providing housekeeping and maintenance services and held itself out to the general public as such.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, held itself out to be fully qualified and equipped to provide housekeeping and maintenance services.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., was engaged in the business of, among other things, providing housekeeping and maintenance services and held itself out to the general public as such.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., held itself out to be fully qualified and equipped to provide housekeeping and maintenance services.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE MEDICAL SERVICES, LLC, was the independent contractor involved in providing housekeeping and maintenance services at the aforesaid hospital premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, CHEROKEE NATION INDUSTRIES, INC., was the independent contractor involved in providing housekeeping and maintenance services at the aforesaid hospital premises.

21. That on a date prior to the 28th day of February, 2007, defendant, CHEROKEE MEDICAL SERVICES, LLC, entered into a contract with one, Keller Army Community Hospital, to perform housekeeping duties and maintenance services at the aforesaid hospital premises.

22. That on a date prior to the 28th day of February, 2007, defendant, CHEROKEE MEDICAL SERVICES, LLC, entered into an agreement with one, Keller Army Community Hospital, to perform housekeeping duties and maintenance services at the aforesaid hospital premises.

23. That on a date prior to the 28th day of February, 2007, defendant, CHEROKEE NATION INDUSTRIES, INC., entered into a contract with one, Keller Army Community Hospital, to perform housekeeping duties and maintenance services at the aforesaid hospital premises.

24. That on a date prior to the 28th day of February, 2007, defendant, CHEROKEE NATION INDUSTRIES, INC., entered into an agreement with one, Keller Army Community

Hospital, to perform housekeeping duties and maintenance services at the aforesaid hospital premises.

25. That at all times hereinafter mentioned, upon information and belief, the hallway leading from the elevator to the locker room located on the 2nd Floor of the hospital premises known as "Keller Army Community Hospital", located in West Point, County of Orange, State of New York, was the situs of the within incident.

26. That on or about the 28th day of February, 2007, the plaintiff was lawfully on the aforesaid hospital premises while within the scope of her employment with one, United States Military Academy – Keller Army Community Hospital.

27. That on or about the 28th day of February, 2007, while the plaintiff was lawfully walking in the aforesaid hallway at the aforesaid hospital premises, she was caused to be precipitated to the ground due to the slippery condition of the floor, thereby causing her to sustain severe and serious personal injuries.

28. That the aforesaid accident and resulting injuries were caused by the negligent, reckless and careless acts of the defendants and each of them.

29. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless,

in, among other things, allowing, causing and/or permitting a dangerous, hazardous and unsafe condition to exist on the aforesaid hospital premises; in allowing, causing and/or permitting the aforesaid hallway to be, become and/or remain in a dangerous and unsafe condition; in failing to properly maintain, check and/or inspect said hallway; in allowing, causing and/or permitting water and/or other slippery substances to be on the aforesaid floor; in allowing, causing and/or permitting the faucet in the maintenance closet to remain on thereby causing the sink to overflow into the hallway; in failing to provide adequate and proper warnings and/or safeguards to warn persons lawfully upon said premises of the existing conditions; in placing the plaintiff in a position of peril; in failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in causing or creating the wet and slippery condition which formed in the hallway; in performing its duties as an independent maintenance contractor so negligently that it cause of contributed to a wet and slippery condition in the hallway; in permitting the sink in the maintenance closet to become clogged and to overflow; in failing to turn off the faucet of the sink

in the maintenance closet so that the sink overflowed; in failing to timely ascertain that the sink was overflowing; in failing to prevent the sink from overflowing; in failing to clean and remove the wet and hazardous condition which resulted when the sink overflowed; in failing to inspect the area and remove dangerous and slippery conditions; in acting with reckless disregard for the safety of others; in allowing, causing and/or permitting a dangerous, hazardous and unsafe condition to exist on said hospital premises; in failing to properly train, supervise and/or oversee their personnel; in failing to warn of the dangerous condition; in failing to fence off, barricade and/or by some other means block off the area of the dangerous, hazardous and unsafe conditions; in improperly hiring and continued employment of inept, incompetent and/or unskilled employees; and defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

30. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of

reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

31. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

32. That as a result of this accident, the plaintiff herein was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

33. That by reason of the foregoing, this plaintiff was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, BOOKER SIMMONS, III

34. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

35. That as a result of the aforementioned, this plaintiff, the lawful wedded spouse of the plaintiff in the First Cause of Action, has and will suffer the loss and impairment of the spouse's services, society and consortium, all to the damage of this plaintiff in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, plaintiffs demand judgment against the defendants and each of them as follows:

(1) The sum of $5,000,000.00 on the First Cause of Action, and

(2) The sum of $500,000.00 on the Second Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff(s)
Office & P.O. Address
1279 Route 300, P.O. Box 1111
Newburgh, New York 12551

BY: _____
    ELEANOR L. POLIMENI, ESQ.
    (8687)

TO: CHEROKEE MEDICAL SERVICES, LLC
    CHEROKEE NATION INDUSTRIES, INC.
    Defendants
    18945 FM 2252, Suite 115
    Garden Ridge, Texas  78266